**Virgil RICH, Jr., and Don E. Gifford, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 23940.**

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1967.

Rehearings Denied Dec. 8, 1967.

Gordon Macdowell, Dallas, Tex., for Gifford.

Ben Gilbert, Fort Worth, Tex., for Rich.

William O. Callaway, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before BELL, COLEMAN and GOD-BOLD, Circuit Judges.

PER CURIAM:

Appellants were convicted of aiding and abetting the forging and passing of postal money orders in violation of 18 U.S.C.A. §§ 2 and 500. We have considered all claims of error asserted by each appellant and have reviewed the record in full detail.

The evidence was more than adequate to sustain the verdict as to each appellant.

Evidence of a shared apartment and illicit living arrangements between appellants and two women charged in the same indictment and a third woman from whom the money orders were taken, was properly admitted. The incidents and matters claimed by appellants to be unrelated showed accessibility of the money orders and the opportunity to take them from the owner and tended to show the scheme or arrangement to take and cash the money orders and to divide the proceeds and to obtain and use documents that would identify the person cashing the money orders as the named payee. That this evidence tended to show appellants to be persons not of good character, when their character had not been put in issue, did not make it inadmissible. Cochran v. United States, 310 F.2d 585, 589 (8th Cir. 1962). The evidence of meretricious relationships was not objected to, but we have considered whether it was so prejudicial as to constitute plain error under Rule 52(b), Fed.R.Crim.P. requiring reversal. It was properly admitted.

Evidence was introduced without objection by appellants that the two women defendants had pleaded guilty. The court charged the jury that the appellants were not to be prejudiced by the guilty pleas of the women. There was no objection to the charge. Nevertheless we have considered it and find it adequate.

There were brief references in testimony that appellants, while living in the communal apartment, were not contributing to the support of their children (by other women) who lived elsewhere. The testimony was not objected to. It was not so prejudicial to constitute plain error, if prejudicial at all considering the other evidence, properly admitted, of the living arrangements between the two men and the three women.

Appellant Rich charges error in admission of testimony that he had met one of the women defendants in a bar and had threatened harm to her if she testified against him. The evidence was not objected to. Moreover, an attempt to suborn or threaten witnesses may be shown as indicative of guilt. See United States v. Gottfried, 165 F.2d 360 (2d Cir.), cert. denied, Gottfried v. United States, 333 U.S. 860, 68 S.Ct. 738, 92 L. Ed. 1139 (1948); United States v. Howard, 228 F.Supp. 939 (D.Neb.1964).

We have considered all other points raised by appellants in the briefs of their counsel and in pro se briefs filed with the Court. None have substantial merit.

Affirmed.