UNITED STATES of America,
Plaintiff-Appellee,

v.

F/N/U PATE, a/k/a "Tush Hog", and
Jerry Edward Pate,
Defendants-Appellants.

No. 76–1407
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 11, 1977.

Michael J. Romeo, Birmingham, Ala., for F. Pate.

George H. B. Mathews, Montgomery, Ala. (Court-appointed), for J. Pate.

Ira DeMent, U. S. Atty., Robert C. Watson, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Eddie Wayne Pate and Jerry Edward Pate, defendants below, urge several points of error from their conviction for conspiracy to violate the Dyer Act, 18 U.S.C.A. § 371,[1] and for violation of the Dyer Act, 18 U.S.C.A. § 2312.[2] After closely examining all of defendants' contentions, we find them to be without merit, and accordingly, we affirm.

█ Jerry Edward Pate raises only one claim of error. He argues that it was reversible error for the District Court to allow the United States Attorney to exhibit a document to the Government witness for the purpose of refreshing the witness's memory, without establishing first that her present recollection was exhausted. However, since Defendant did not raise a specific objection at trial on this ground, we must review this action of the Trial Court under a plain error standard. *See United States v. Garcia*, 5 Cir., 1976, 531 F.2d 1303. Under that standard, we must affirm his conviction, since we find no plain error, if error at all.

█ Eddie Wayne Pate makes five attacks. First, he argues that it was error for the Court to admit the testimony of a Government witness of threats made against that witness by Jerry Edward Pate when the witness and Defendants were incarcerated together in the Selma, Alabama jail after their arrest. However, the Court carefully and repeatedly emphasized to the jury that they were to consider this evidence only to show consciousness of guilt of the one who made the threats and, further, that the jury was only to consider this evidence against Jerry Edward Pate, and not against Eddie Wayne Pate. Under these circumstances, we find no reversible error. *See Rich v. United States*, 5 Cir., 1967, 384 F.2d 887, 888; *United States v. Freundlich*, 2 Cir., 1938, 95 F.2d 376, 378–79. The subordinate contention that this was hearsay is palpably frivolous since the words related were verbal acts and were not introduced to prove the truth of them.

█ Second, Defendant argues that it was error for the Court to allow the testimony of one of the Government witnesses because it related to events occurring after the conspiracy had ended. It is certainly true that declarations and statements made by a conspirator after the conspiracy is terminated are inadmissible against his co-conspirator. *See Lutwak v. United States*, 1953, 344 U.S. 604, 618, 73 S.Ct. 481, 489, 97 L.Ed.2d 593, 603–04. However, the record below clearly supports the District Court's finding that the statements in question were made during the course of and in furtherance of an ongoing conspiracy. Under these circumstances, admission of the testimony was not error. *See Anderson v. United States*, 1974, 417 U.S. 211, 218, 94 S.Ct. 2253, 2259, 41 L.Ed.2d 20, 27–28.

█ Third, Defendant urges that there was insufficient evidence to support the verdict as to two counts of the indictment. Defendant was convicted and sentenced under a general verdict and sentence,[3] so that

1. § 371. *Conspiracy to commit offense or to defraud United States*

   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

   If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

2. § 2312. *Transportation of stolen vehicles*

   Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

3. In the past, we have preached at length on the undesirability of the use of a general sentence, particularly where the general sentence exceeds that which could have been given upon

we may not escape ruling on this claim on the basis of the concurrent sentence doctrine. In ruling on this it is important that Defendant did not move for a directed judgment of acquittal. Consequently, the convictions will be upheld unless to do so would result in a manifest miscarriage of justice. *See United States v. Perez*, 5 Cir., 1976, 526 F.2d 859, 864 n.7 and cases cited therein. Our careful review of the record below does not disclose a manifest miscarriage of justice. The evidence as to the two counts was clearly sufficient to uphold a finding that the Defendant aided and abetted both offenses, and under well-known conspiracy law, this is sufficient to uphold his conviction as a principal. *See Pinkerton*

*v. United States*, 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; *United States v. Williams*, 8 Cir., 1974, 503 F.2d 480, 484, *citing Smith v. United States*, 5 Cir., 1968, 403 F.2d 689.

Defendant's fourth and fifth contentions are so frivolous and totally devoid of merit as not to merit discussion.

AFFIRMED.

conviction under any one count. *See Benson v. United States*, 5 Cir., 1964, 332 F.2d 288, 291 n.7. *See also, White v. United States*, 5 Cir., 1968, 396 F.2d 822, 825–26; *Walker v. United States*, 5 Cir., 1965, 342 F.2d 22, 27. Since it appears that the Court below did not pay heed to our sermon, we must preach again so that all who run may read:

There is first the basic idea that a criminal sentence should be plain, unequivocal, and so free from doubt that those concerned—accused, sentencing Court reviewing Court, and prison authorities—will know precisely what the punishment is. One thing sure about the so-called "general sentence" for a total term greater than the maximum of one count but less than the aggregate of all maximums is that no one—accused, reviewing Court, prison authorities, or sentencing Court—knows what the real sentence is. A sentence is passed not because the defendant is a social outcast or needs chastisement generally. It is the law's punishment for specific transgressions of its formalized standards. It seems to us that everything points to the importance of an articulate, identifiable sentence being imposed. If that is what the law reasonably requires and prefers, then a sentence varying from that standard is, in the words of F.R.Crim.P. 35, "illegal."

Consideration of a few situations demonstrates the wisdom of our course. The "general sentence" creates unnecessary and sometimes troublesome difficulties for Courts both in direct appeals and collateral proceedings. It does the same for prison authorities in handling offenders.

First, on direct review of general sentences, the Court is forced to review the asserted errors relating to each and every count. Since the general sentence is not referable to any one count, the reviewing Court must review and uphold the convictions on all counts if the sentence is to stand.

To avoid this prospect, the case must be remanded prior to final appellate review for resentencing, a procedure which could have been avoided altogether had the sentences been specifically related to the respective counts.

\* \* \* \* \* \*

All recognize that one of the most important functions to be performed by criminal law and its integral component, the prison system, is rehabilitation of the offender. Viewed in this context, the general sentence is undesirable because it does not clearly indicate to the offender what sentence has been imposed for what conviction. We can appreciate fully the likelihood that those experienced in this field have found that a clear understanding by the prisoner of the sentence imposed for the particular offense involved is most helpful in the rehabilitation process.

Although we have never before undertaken to articulate the reasons, we have said in our prior decisions that the "general sentence" is not desirable. *Granger v. United States,* 5 Cir., 1960, 275 F.2d 127; *Reed v. United States,* 5 Cir., 1944, 142 F.2d 435. Our brief treatment shows why it is undesirable. By imposing unnecessary burdens on Courts and the Judges who man them, it interferes with the orderly administration of justice in both direct and collateral review proceedings. Moreover, the inscrutable mystery undoubtedly impedes the prison authorities in the performance of one of their primary tasks, rehabilitation of the offender. We may properly take such factors into account.

If—and there is no real if, big or little—the general sentence is undesirable practice— bad practice—we should not, we ought not, continue to approve it.

Benson, *supra*, at 291, 292.