UNITED STATES of America

v.

Robert E. BELLOMINI.

Crim. No. 78–33.

United States District Court,
W. D. Pennsylvania.

Aug. 1, 1978.

Alexander H. Lindsay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Richard Scarpitti, Erie, Pa., for defendant.

## MEMORANDUM OPINION

KNOX, District Judge.

Defendant was convicted on June 8, 1978, following a trial which commenced May 30, 1978, of violations of the Hobbs Act, 18 U.S.C. § 1951. The indictment charged the defendant in Count 1 with attempting to obtain the sums of $5,000 from Codan Corporation and Hardinger Transfer Company by wrongful use of fear and under color official right, he being a member of the Pennsylvania State Legislature, in connection with the letting of a contract for a liquor warehouse and distribution in the

Erie area. Count 2 also charged him with attempt to extort the sum of $25,000 from certain other individuals in connection with the same contract.

The defendant filed a motion for new trial and/or arrest of judgment and the same was argued before the court and briefed by the parties on July 5, 1978. The court has determined the motion must be denied. The three points argued by defendant were:

(1) Evidence of Jury Tampering.

There was evidence that the defendant had suggested to Mr. and Mrs. Lawless, two friends, that they should contact Officer Ochs of the Pennsylvania State Police whose wife was a cousin of one of the jurors and have him go out in a State Police car in a State Police uniform and attempt to contact her at the Howard Johnson Motor Lodge where the jury had been sequestered under order of the court to prevent any unlawful contacts such as this. The defendant denied the charge. However it was clear he was aware of Ochs' connection with the juror since this matter had been brought up on individual voir dire at which the defendant was present prior to trial and the testimony also was that it was his suggestion that the officer go there in uniform. Mrs. Ochs stated Mrs. Lawless said they had been sent by Bob.

■ The court finds that this evidence was admissible to the same extent as similar matters showing consciousness of guilt such as flight and concealment, suppression or fabrication of evidence, attempts to intimidate or coerce witnesses and exculpatory statements shown to be false. See Devitt and Blackmar Federal Jury Practice and Instruction 11.18 to 11.20.

There is a host of cases in the federal courts and also the Pennsylvania state courts upholding the introduction of such testimony for whatever inferences the jury may derive therefrom. See *U. S. v. Hall*, 565 F.2d 1052 (8th Cir. 1977); *U. S. v. Papia*, 560 F.2d 827 (7th Cir. 1977); *U. S. v. Bastone*, 526 F.2d 971 (7th Cir. 1975); *Rich v. U. S.*, 384 F.2d 887 (5th Cir. 1967).

The Pennsylvania Supreme Court has recently considered specifically the admissibility of evidence of attempt to influence the jury in *Commonwealth v. White*, 447 Pa. 331, 290 A.2d 246 (1972) wherein Mr. Justice Pomeroy said:

"It is undoubtedly true that evidence of a party's attempt to embrace a juror is admissible to show his unwillingness to rely on the soundness of his cause. Subornation of a witness and proof of flight as an admission of guilt are analogues." Citing inter alia *Commonwealth v. Brown*, 23 Pa.Super. 470, 502 (1903).

In *Commonwealth v. Brown*, supra, the Superior Court also approved of admission of evidence of jury tampering by the defendants. The court noted again that such attempt to corrupt and influence a juror are competent as tending to show that the party guilty of the misconduct is unwilling to rely on the truth of his cause and said that this stood on the same plane with inference of flight or fabrication of evidence or destruction of evidence or attempt to corrupt witnesses.

It is true that in *Commonwealth v. White*, it was held there was insufficient connection with the defendant as shown by the testimony whereas in our case there is direct testimony which if believed by the jury would authorize them to find that the defendant instigated, suggested or approved this attempt to reach the juror through Officer Ochs. It should be noted upon being contacted he immediately called his superior officer who reported the matter to federal officials.

See also McCormick on Evidence § 273, treating such evidence as admission by conduct.

■ Defendant complains the evidence was so prejudicial that it should have been excluded. Since the evidence was relevant, the fact it might have been prejudicial to the defendant is no reason to argue against its admission. See *U. S. v. Higgins*, 458 F.2d 461 (3d Cir. 1972). This is a matter for the discretion of the trial judge and in view of the testimony in the balance of the case,

the judge concludes that such evidence probably would not have any really devastating effect upon the jury.

In any event, the court so watered this evidence down by cautionary instructions and again in the court's charge as to make it entirely a matter for the jury. The court pointed out the fact that innocent persons sometimes resort to this and in such cases the jury should not infer consciousness of guilt. See cautionary instructions at page 71 (excerpts of the proceedings) where the court said:

"However, I want to give you a caution with respect to this testimony that you have just heard. I want to caution you specifically that evidence of this kind is not sufficient in and of itself to establish that the defendant is guilty of anything, but it may be considered by you along with the other evidence in the case.

"As to whether this has any significance or shows any consciousness of guilt on the part of the defendant is entirely a matter for you.

"You should also consider, of course, in evaluating this testimony, that sometimes an innocent person may resort to various means to insulate himself against the prosecution, however, and you must evaluate the whole scheme of the testimony and what has been said and what might be motives and what it shows, if anything.

"If you believe this evidence, you may give it such weight as you may think it deserves in connection with this case."

See also pages 115–116 of the court's charge:

"Now there is another instruction which I must give you under the circumstances of this case, and that is what is known with respect to consciousness of guilt.

"Now you have heard testimony in this case concerning the defendant's alleged involvement in an attempt to tamper with the jury. You may consider this evidence in the following way, and only in the following way:

"Evidence that a defendant attempted to tamper with a jury is not sufficient in and of itself to establish his guilt of the crime charged in the indictment, but it may be considered by you along with the other evidence in the case. Whether this evidence has any significance in showing a consciousness of guilt on the part of the defendant and unwillingness to submit his defense to the tribunal provided by law for this purpose is for you to determine.

"You may also consider that some innocent person or persons may resort to various means, some lawful and some unlawful, to insulate themselves against prosecution, and not necessarily indicate that they are conscious of guilt.

"As I have said, if you believe this evidence—and that is your problem—with respect to this matter, you may give it such weight as you think it deserves in your consideration of the case and what it shows with respect to the intentions and motives of the defendant."

(2) Exclusion of persons of Italian Descent by peremptory Challenges by the Government.

■ The government has complete power to exercise peremptory challenges as it sees fit and cannot be questioned as to its reasons for exercising them in a certain manner in a particular case. See *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *U. S. v. Harris*, 368 F.Supp. 697 (E.D.Pa.1973) aff'd 498 F.2d 1164 (3d Cir. 1974).

(3) Claim for Extortion of $25,000.

Defendant claims that the attempt to extort the $25,000 from Messrs. Galvins and Yaple did not interfere with interstate commerce as required by the Hobbs Act because their financial backing later withdrew and their attempts were frustrated through lack of finances.

■ It is noted that the Hobbs Act covers attempts to extort money from businesses engaged in as well as potentially engaged in interstate commerce and the

evidence showed the liquor business for the purpose of the Hobbs Act would be treated as interstate commerce. See *U. S. v. Staszcuk*, 517 F.2d 53 (7th Cir. 1975).

The fact that the business enterprise was frustrated at a later time through failure of finances does not constitute a defense to a charge of attempt to extort money in violation of the Hobbs Act. This is irrelevant. The only question is whether the attempt was made on an enterprise which was intending to engage in interstate commerce.

The evidence as believed by the jury was amply sufficient to justify the verdict of guilty on both counts. See *U. S. v. Mazzei*, 521 F.2d 639 (3d Cir. 1975).

For these reasons the motion for new trial and/or arrest of judgment of acquittal was denied.