[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13658

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 08, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-00138-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY JOSEPH THOMPSON,
LEARY ROBINSON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(July 8, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Stanley Joseph Thompson and Leary Robinson were convicted of a number of robberies and of using firearms in the course of those crimes. Both appeal their convictions. Robinson also appeals his sentence. We affirm.

## I. BACKGROUND

Thompson and Robinson ("Defendants") were indicted on twelve counts for crimes they allegedly committed in February and March 2007: robbery of a Taco Bell restaurant, in violation of the Hobbs Act, 18 U.S.C. § 1951; seven bank robberies, in violation of 18 U.S.C. § 2113(a) and (d); and four counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

The case was tried to a jury. At the conclusion of the Government's case-in-chief, both Defendants made motions for judgments of acquittal on counts one, two, five, six, seven, and nine. (R.11-147 at 475, 481.) Defendants argued that, with respect to count one, there was insufficient evidence that the robbery of the Taco Bell interfered with interstate commerce. (*Id.* at 476, 481-82.) With respect to counts two, five, seven, and nine, all alleging firearms violations, Defendants argued there was insufficient evidence that a firearm was used in the related robberies. (*Id.* at 476-80.) And, with respect to counts six and seven, they argued that there was insufficient evidence that Robinson was the robber. (*Id.* at 479.) The Defendants did not move for judgments of acquittal on the robberies charged in counts three, four, eight, ten,

2

eleven, or twelve. And, neither Defendant argued as to any count, other than count six, that there was insufficient evidence that he was involved in the robbery.

After the district court denied the motions, Thompson rested. But, Robinson presented a defense and testified on his own behalf. Robinson admitted to committing all of the robberies except the one charged in count six. While he refused to name Thompson as his accomplice, Robinson's testimony was that someone else who went by the nickname J.T. was his partner in the robberies. (*Id.* at 558.) A jury convicted both Defendants of the Taco Bell robbery, six of the seven bank robberies, and three of the four § 924(c) firearm violations. The jury acquitted both Defendants of the crimes charged in counts six and seven, which alleged a bank robbery and the use of a firearm during that robbery.

## II. ISSUES ON APPEAL

We consider at length only whether Thompson's convictions on counts three through five and eight through twelve should be reversed.

## III. STANDARDS OF REVIEW

Thompson's briefs claim that he moved for judgments of acquittal on all counts at the end of the Government's case-in-chief. After review of the record, we determine that is incorrect. At the close of the Government's case, Robinson moved for judgments of acquittal on counts one, two, five, six, seven, and nine only. (*Id.* at

3

475.) Thompson adopted Robinson's motion, adding only argument as to why he should be acquitted on count one. (*Id.* at 481-82.) And, neither Defendant made any motion for judgment of acquittal later in the proceedings.

In this procedural posture, two different standards of review apply. We consider de novo whether the district court erred in denying Thompson's motion for judgments of acquittal (made at the close of the Government's case-in-chief) on counts five and nine. *United States v. Woodard*, 459 F.3d 1078, 1086 (11th Cir. 2006). The motion was properly denied if "a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. Descent,* 292 F.3d 703, 706 (11th Cir. 2002) (citations omitted). We view the evidence in the light most favorable to the Government. *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004). Because Thompson did not present evidence in his own defense, our "review is limited to the evidence produced by the government in its case-in-chief, despite the fact that [Thompson's] co-defendant[] did offer testimony." *United States v. Thomas*, 987 F.2d 697, 703 (11th Cir. 1993) (citations omitted).

Thompson asks us to apply the same standard to consider the sufficiency of the evidence against him on counts three, four, eight, ten, eleven, and twelve, but we decline to do so. Thompson did not move for acquittal on these counts or otherwise

4

argue to the district court, at the close of the Government's case or at any other time, that the evidence on those counts was insufficient to convict him. "Consequently, the convictions [on counts three, four, eight, ten, eleven, and twelve] will be upheld unless to do so would result in a manifest miscarriage of justice." *United States v. Pate*, 543 F.2d 1148, 1150 (5th Cir. 1976).[1] In considering whether a manifest miscarriage of justice would result, we consider all of the evidence presented at trial. *See id.*

## IV. DISCUSSION

The Government's theory at trial was simple: Robinson committed the bank robberies, and Thompson aided and abetted those robberies and the use of a firearm in furtherance of the robberies by acting as the getaway driver and providing other support. In order to secure convictions of Thompson on this theory, the Government had to demonstrate that he "in some way associated himself with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed." *United States v. Broadwell,* 870 F.2d 594, 608 (11th Cir. 1989) (citations omitted). Thompson argues that the Government failed to make its case because it did not

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

present sufficient evidence tying him to each of the bank robberies and the use of a firearm in those robberies.

After review of the record, we find that, at the time the Government rested its case-in-chief, there was sufficient evidence to support Thompson's convictions on the firearms violations charged in counts five and nine. With respect to count five, a Bank of America teller testified during the Government's case-in-chief that she was robbed by Robinson on February 12, 2007, and that Robinson had a black gun during the robbery. (R.10-146 at 178.) With respect to count nine, a different Bank of America teller testified that he was robbed on February 21, 2007. That teller identified Robinson as the robber and said that, during the robbery, Robinson had pulled a black gun that "looked like a Glock" out of a folder and pointed it at the teller. (*Id.* at 245-46, 249.) Photos introduced during the teller's testimony depict Robinson, pointing a gun at the teller. (Exs. 25B, 25C.) Robinson gave a statement to law enforcement that he used a .380 semi-automatic pistol in seven of the robberies with which he was charged; and he said that was the gun shown in one of the photos of the robbery associated with count nine. (R.10-146 at 331, 332.) Evidence of these statements was introduced in the Government's case-in-chief. (*Id.*)

This was sufficient evidence for a reasonable jury to conclude, beyond a reasonable doubt, that Robinson used a firearm during these robberies. And, we find

meritless Thompson's argument that no evidence presented in the Government's case-in-chief suggested that Thompson knew Robinson would use a firearm during these robberies. During the Government's case-in-chief, the jury heard witness testimony and saw video evidence that Thompson had participated in the previous Taco Bell robbery with Robinson and that firearms were used in that robbery. (R.9-145 at 28-30; Ex. 1.) Indeed, Thompson does not challenge his convictions for those crimes, charged in counts one and two. Because Thompson had previously committed an armed robbery with Robinson, a reasonable jury could conclude that Thompson knew that Robinson would use a firearm in subsequent robberies.

And, we find no manifest miscarriage of justice in upholding Thompson's convictions on the bank robbery convictions that Thompson now challenges (counts three, four, eight, ten, eleven, and twelve). Witnesses to several of the robberies testified that, in arriving at or leaving the robberies, Robinson entered or exited from the passenger side of the vehicle used in the crime. (R.9-145 at 64, 73, 96; R.10-146 at 235.) Several witnesses testified that the getaway vehicle was a red SUV, possibly a Chevrolet Blazer. (R.9-145 at 64, 73, 97.) When Thompson was arrested, he was driving a red Chevrolet Blazer that belonged to Robinson or Robinson's wife. (R.10-146 at 280-82, 394.) Thompson's fingerprints were on the demand notes used in the count four and twelve robberies. (*Id.* at 169-70, 206-09, 212.)

7

Robinson testified that he committed each of these robberies, that he was driven to each of the robberies by another person, and that he split the proceeds of each of the robberies with that same person. (R.11-147 at 542-44, 557.) Robinson also testified that the same person who drove him to the robberies wrote the demand notes used in the robberies. (*Id.* at 557.) And, while Robinson denied that Thompson was his accomplice in these crimes, he admitted that his accomplice went by the nickname J.T. and that Thompson "probably" went by that nickname. (*Id.* at 558-59.)

Witness Kevin Dunbar testified that he overheard a telephone conversation between Robinson and someone called J.T. in which Robinson discussed that Robinson and J.T. had used a third party's car to do something wrong and that the third party did not want anything to do with that. (*Id.* at 461-63.) And, Dunbar testified that, on one occasion, he dropped Thompson off at a hotel, and Thompson introduced Robinson as his partner. (*Id.* at 463-64.)

The record evidence supports the conclusion that Thompson was Robinson's partner in the crimes–planning the robberies, driving the getaway cars, penning the demand notes, and splitting the proceeds. Therefore, we find no manifest miscarriage of justice in upholding Thompson's convictions.

# V. CONCLUSION

We affirm Robinson's and Thompson's convictions. We also affirm Robinson's sentences.[2]

AFFIRMED.

---

[2]Thompson does not contest his convictions on counts one and two, arising out of the Taco Bell robbery. He was acquitted on counts six and seven.

Defendants make numerous other arguments on appeal:

(1)    Thompson argues that the district court improperly admitted testimony by witness Kevin Dunbar because the court did not find that Dunbar was a co-conspirator, and even if it had, that finding would be error;

(2)    Both Defendants argue that the district court abused its discretion by denying their motions for mistrial after the first Government witness began sobbing on the stand and was unable to finish his testimony;

(3)    Robinson argues that his Sixth Amendment right to confrontation was violated because that same witness did not return to the stand to submit to cross-examination;

(4)    Robinson argues that his conviction on count one should be reversed because the Government did not sufficiently prove that the Taco Bell engaged in interstate commerce;

(5)    Robinson argues that the district court erred by denying his motion for judgment of acquittal on counts two, five, and nine because the Government failed to prove the conduct in those counts involved use of a firearm;

(6)    Robinson argues that the district court improperly denied his motion to suppress the evidence recovered during the search of Thompson's motel room because Robinson did not consent to the search; and

(7)    Robinson argues that his sentence should be vacated because it was improperly enhanced for obstruction of justice on counts one, four, and eight.

We find no merit in any of these arguments.