[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10606
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-14049-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD TODD BADALI,
a.k.a. Boots,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 8, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury found Richard Badali guilty as charged in the indictment: Count 1, sale or disposition of a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d)(1); Count 2, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the District Court sentenced him to concurrent prison terms of 18 months.  Badali appeals his Count 2 conviction on the ground that the evidence was insufficient to convict him of the § 922(g)(1) offense.

Badali did not move for judgment of acquittal on Count 2 on the basis of the sufficiency of the evidence.  Thus, his appeal is subject to review for plain error or a "manifest miscarriage of justice." *United States v. Thompson*, 610 F.3d 1335, 1338 (11th Cir. 2010).   Under this standard of review, a conviction will be upheld "unless to do so would result in a manifest miscarriage of justice."    "This standard requires the appellate court to find that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Perez*, 661 F.3d 568, 574 (11th Cir. 2011).  In making this determination, we consider all of the evidence presented at trial, drawing all reasonable inferences and credibility choices in favor of the jury's verdict.  *Id.*  We find no miscarriage of justice in this case and accordingly affirm.

Under § 922(g)(1), it is unlawful for a felon to possess a firearm or ammunition having affected interstate commerce.  *See* 18 U.S.C. § 922(g)(1). Section 922(g)(1) requires that the government prove: (1) that the defendant is a

2

convicted felon; (2) that the defendant knew he was in possession of a firearm; and (3) that the firearm affected or was in interstate commerce. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). Possession can be actual or constructive and proven via direct or circumstantial evidence. *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). Therefore, a firearm need not be on or near the defendant's person in order for the defendant to knowingly possess the weapon. *See United States v. Gates*, 967 F.2d 497, 499 (11th Cir. 1992) (holding that a defendant had knowing possession of a firearm when driving a car with the weapon beneath the driver's seat). Nevertheless, a defendant has constructive possession over a firearm only if he "exercises ownership, dominion, or control over the firearm . . . [or] if he has the power and intention to exercise dominion or control." *United States v. Gunn,* 369 F.3d 1229, 1235 (11th Cir. 2004). We have accordingly determined that "a defendant must, in fact, know of the firearm's existence in order to exercise dominion and control over it." *United States v. Pedro*, 999 F.2d 497, 500 (11th Cir. 1993). As long as the prosecution proves, through either direct or circumstantial evidence, that the defendant: (1) was aware of or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm, the defendant's constructive possession of that firearm is shown. *Perez*, 661 F.3d at 576-77.

It cannot be disputed that the prosecution established the first and third elements of the § 922(g)(1) offense.  Badali stipulated that he had been previously convicted of a felony and that the firearm was manufactured in Spain and thus had moved in interstate or foreign commerce.  All that Badali really questions is whether he had constructive possession of the weapon.

The prosecution presented evidence, including the testimony of the FBI's confidential informant, Approvato, and recorded phone conversations, showing that Badali organized and arranged for the sale of the firearm to Approvato.  Further, Approvato's testimony established that Badali was directly involved in planning the delivery of the firearm.  Therefore, Badali was "aware of or knew of" the firearm.  *United States v.* Perez, 661 F.3d 568, 576 (11th Cir. 2011).

The evidence also demonstrated that Badali "had the ability and intent to later exercise dominion and control over [the] firearm."  *Id.*  The recorded phone conversations and Approvato's testimony established that Badali was the point man for the transaction, orchestrated the firearm sale, and, at minimum, was a co-participant with Laakmann in the sale.  Additionally, the first recorded phone conversation, in which Approvato asked Badali if he could get Laakmann to deliver the firearm or meet him halfway and Badali stated they would "work something out," indicated that Badali had control of the firearm.  Also, Approvato's testimony that he and Badali had an additional telephone

4

conversation, during which Badali confirmed he would have the firearm delivered to the meeting site, provides further proof of Badali's dominion and control over the firearm.  Thus, Badali's knowing participation in the firearm transaction permitted the jury to reasonably conclude that he constructively possessed the firearm.

AFFIRMED.