[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15164
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00064-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 22, 2016)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Adams appeals his conviction for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and cocaine.[1] Specifically, he seeks review of the district court's denial of his motion for a judgment of acquittal. After careful consideration of the parties' briefs and the record, we affirm.

I

In October 2014, Adams and two others, Anthony Wyatt and Mary Davis, were indicted for various drug offenses. The indictment alleged, among other things, that between "January 1, 2013, and October 7, 2014," Adams, Wyatt, and Davis conspired "together and with other persons to distribute and possess with intent to distribute . . . two hundred eighty (280) grams or more of . . . cocaine base . . . and cocaine."

At trial, the government offered evidence that Adams sold cocaine base to Wyatt and that Adams purchased cocaine base from an out-of-state supplier. First, Wyatt—who was Adams's neighbor—testified that from May 2014 through July 2014, he regularly purchased cocaine base from Adams. According to Wyatt, he bought the cocaine base from Adams with the intent to resell it for profit. Second, three witnesses testified that Adams purchased cocaine base from an out-of-state supplier. Two witnesses stated that in 2013 they drove with Adams to purchase

---

[1] Adams was also convicted of five counts of distribution of cocaine base and cocaine. He does not challenge those convictions on appeal.

cocaine base from the out-of-state supplier.  The supplier himself also testified.  He testified that he (1) sold over 1,000 grams of cocaine base to Adams from early 2013 through early 2014, (2) sold Adams drugs at Adams's residence on a number of occasions, and (3) recognized Wyatt because he saw Wyatt and Adams together before.

At the conclusion of the government's case, Adams moved for a judgment of acquittal on the drug conspiracy charged in his indictment, arguing that the government failed to prove the conspiracy involved 280 grams or more of cocaine base and cocaine.  The district court deferred ruling on the motion until the conclusion of trial.  After the jury's guilty verdict but prior to sentencing, Adams filed a memorandum of law in support of the motion.

In the memorandum, Adams asserted that the government charged him for a mid-2014 conspiracy with Wyatt and Davis but only showed that the conspiracy involved 160 grams of cocaine base and cocaine, not the 280 grams required for a conviction.  According to Adams, the government improperly relied on a separate, unindicted conspiracy—his conspiracy with the out-of-state supplier—to bolster the quantity of drugs attributable to him and convict him for conspiring to distribute and possess with intent to distribute 280 grams or more of drugs.  In other words, Adams contended that, rather than proving the single conspiracy for

which he was charged, the government varied from his indictment and obtained a conviction based on multiple conspiracies.

The district court denied Adams's motion.  The court concluded that a jury could have reasonably found that Adams's dealings with Wyatt and the out-of-state supplier were part of the same conspiracy charged in Adams's indictment.  This appeal followed.

## II

The district court did not err in denying Adams's motion for a judgment of acquittal.[2]  In challenging the district court's denial of the motion, Adams reiterates his claim that the government varied from his indictment and showed multiple conspiracies rather than proving the single conspiracy for which he was charged.  However, "[w]e will not reverse a conviction because a single conspiracy is charged in the indictment while multiple conspiracies may have been revealed at trial unless the variance is (1) material and (2) substantially prejudiced the defendant."  *United States v. Edouard*, 485 F.3d 1324, 1347 (11th Cir. 2007) (internal quotation marks omitted).  And Adams has not shown a material variance.

"The arguable existence of multiple conspiracies does *not* constitute a *material* variance from the indictment if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that a single

---

[2] We review de novo whether the district court erred in denying the motion.  *See United States v. Thompson*, 610 F.3d 1335, 1337 (11th Cir. 2010) (per curiam).

4

conspiracy existed beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "[T]he jury makes the initial determination of whether the evidence supports a single conspiracy and their determination will not be disturbed if supported by substantial evidence." *Id.* (internal quotation marks omitted).

"To determine whether the jury could have found a single conspiracy, we consider: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants." *Id.* (internal quotation marks omitted). "If a defendant's actions facilitated the endeavors of other co-conspirators or facilitated the venture as a whole, then a single conspiracy is shown." *Id.* (internal quotation marks omitted). Moreover, "the finding of a single conspiracy is permitted where a 'key man' directs and coordinates the activities and individual efforts of various combinations of people." *Id.*

Here, viewing the evidence in the light most favorable to the government, substantial evidence supports a determination that there was a single conspiracy. Adams was indicted for conspiring in 2013 and 2014 with Wyatt and others to distribute and possess with intent to distribute cocaine base and cocaine. The evidence demonstrates that during 2013 and 2014, Adams obtained large amounts of cocaine base from the out-of-state supplier and sold cocaine base to Wyatt. A rational trier of fact could find that—consistent with the indictment—Adams's

dealings with the supplier and Wyatt were a part of a single drug conspiracy that spanned from 2013 through 2014.

Adams coordinated people, including the supplier and Wyatt, to facilitate the purchase, transport, and sale of drugs. He thus served as a "key man," organizing an illegal drug venture, *see id.* (internal quotation marks omitted), and a common goal existed amongst the participants in the venture: to possess and distribute drugs for profit. Although Adams stopped purchasing cocaine base from the supplier before he started selling cocaine base to Wyatt, Wyatt and the supplier both assisted Adams with facilitating drug sales, thereby furthering the venture and demonstrating a "common purpose to violate the law." *See United States v. Alred*, 144 F.3d 1405, 1415 (11th Cir. 1998) ("It is irrelevant that particular conspirators may not have . . . participated in every stage of the conspiracy; all that the government must prove . . . [is a] common purpose to violate the law."); *United States v. Richardson*, 532 F.3d 1279, 1285 (11th Cir. 2008) ("[I]t is often possible, especially with drug conspiracies, to divide a single conspiracy into sub-agreements." (internal quotation marks omitted)).

Accordingly, the "jury reasonably could have found the existence of a single conspiracy with [Adams] as the central hub." *See United States v. Stitzer*, 785 F.2d 1506, 1518 (11th Cir. 1986). Adams has not shown a material variance from his indictment, and his challenge to his conviction fails.

6

**AFFIRMED.**