[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10378

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC TOLLEFSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:19-cr-00025-LAG-TQL-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Eric Tollefson, a federal prisoner, is serving a 33-month sentence for possession of a firearm by a convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). He argues that the district court abused its discretion in denying his motion for a new trial because it violated Rule 30(b) when it provided the jury with a supplemental instruction on constructive possession following his closing argument. After careful review, we affirm.[1]

I

We review for abuse of discretion the denial of a motion for a new trial. *See United States v. Anderson*, 326 F.3d 1319, 1326 (11th Cir. 2003). In order to enable counsel to intelligently argue the case to the jury, Rule 30 generally requires the trial court to inform counsel of its proposed action upon any requests concerning the jury charge prior to closing argument. *See* Fed. R. Crim. P. 30(b); *United States v. Clark*, 732 F.2d 1536, 1541 (11th Cir. 1984). We require substantial compliance with Rule 30, and a violation

---

[1] Mr. Tollefson also argues that the district court's supplemental instruction violated his Sixth Amendment right to a jury trial. *See* Appellant's Gray Brief at 26-27. However, he did not raise a Sixth Amendment challenge below and does so here for this first time in his reply brief. Consequently, he abandoned any such argument. *See United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015).

will require reversal only where the defendant establishes prejudice. *See Clark*, 732 F.2d at 1541. Reversal may be warranted "when the change in the instructions is substantial, when the judge's instructions repudiate counsel's argument, or when the judge's instructions impair the effectiveness of the attorney's argument." *See id* at 1541-42 (footnotes omitted).

"At the same time, the court retains power [under Rule 30] to remedy omissions in pre-argument instructions or to add instructions necessitated by the arguments." *United States v. Anderson*, 1 F.4th 1244, 1264 (11th Cir. 2021) (citing *United States v. Pena*, 897 F.2d 1075, 1084 (11th Cir. 1990) (quoting from Rule 30 advisory committee's notes to 1987 amendments)), *abrogated on other grounds by Coleman v. Singletary*, 30 F.3d 1420 (11th Cir. 1994)). The extent and character of supplemental instructions are within the sound discretion of the trial court. *See United States v. Walther*, 867 F.2d 1334, 1341 (11th Cir. 1989). That discretion is commensurate with the trial court's "duty to guide the jury." *United States v. Joyner*, 882 F.3d 1369, 1375 (11th Cir. 2018) (citing *United States v. Anderson*, 629 F.2d 1044, 1048 (5th Cir. 1980)). *See also United States v. Graham*, 484 F.3d 413, 420-21 (6th Cir. 2007) (recognizing that "it is sometimes necessary and proper for the trial court to re-charge a jury to correct possible misunderstandings based on the original instruction given" and that the court has a duty "to instruct the jury on the law of the case").

To illustrate, in *Pena*, the defendant argued on appeal that the district court committed reversible error when it violated Rule

30 by supplementing the parties' agreed-upon instructions with a charge stating the correct legal meaning of a "place outside the United States." *Pena*, 897 F.2d at 1084. We held that the supplemental instruction was not erroneous because it was necessitated by defense counsel's incorrect statement of law during closing argument. *See id.* We reasoned that the supplemental instruction also did not substantially change the jury instructions and, to the extent that it repudiated or diminished the effectiveness of defense counsel's argument, ignoring the misstatement "would have resulted in a verdict reached in contravention to the law." *See id.* at 1084-85. To that end, we recited our understanding that Rule 30 does not "function as a limitation on the district court's obligation to inform the jury of the law which properly governs the case," or "empower counsel, through the mechanics of closing argument, either to dictate the law by which a verdict is reached or create a mistrial by erroneously stating the legal principles applicable to a given situation." *Id.* at 1085.

## II

At trial, the government presented evidence of firearms and ammunition found around Mr. Tollefson's shared home and introduced a recorded phone call between Mr. Tollefson and his mother. On that call, Mr. Tollefson told his mother he had lost $50,000 when the government confiscated the firearms, which he was trying to "place . . . in the right hands" for his roommate and "other interested parties."

During closing argument, the government's theory of constructive possession was based in part on this phone conversation, arguing that it evinced his ability and intent to exercise control over the firearms. Defense counsel argued the following in response:

> If I've got a buddy with a nice car and he says, hey, Michael do you know somebody that wants to buy this Camaro, and I say, sure, I know a guy that will buy this Camaro. Can I get a cut of it maybe? Sure, yeah, I'll give you, you know, $500 if you find somebody to buy it. All right. And I call up Joe-Bob and tell Joe, hey, my buddy's got this Camaro. Do you want to buy it. Sure, I'll come over and take a look at it. I've never exercised physical control over my buddy's Camaro. I acted as a middleman.

*See* D.E. 93 at 17-18. Defense counsel continued that, at best, the government's evidence showed that Mr. Tollefson was a mere middleman without the intention to exercise physical control over the firearms. This argument ultimately prompted the district court to provide a supplemental instruction on constructive possession over Mr. Tollefson's objection. He takes issue with the final sentence of that instruction: "A person may be found to have had the intent to exercise control over an item where the person orchestrated and participated in the sale of the item even if the person never intended to have physical possession of the item." D.E. 93 at 43.

Mr. Tollefson couches the issue on appeal as a violation of Rule 30. Viewed through that lens, the district court's action was

proper if the supplemental instruction was necessitated by closing argument. *See Anderson*, 1 F.4th at 1264. That is, if Mr. Tollefson misstated the law of constructive possession during his closing argument, then the district court did not err in providing a supplemental instruction on constructive possession.

As an initial matter, Mr. Tollefson insists that because his closing argument was a mere factual hypothetical in response to the government's theory, he could not have misstated the law. But the superficial distinction he makes between facts and law is of no consequence. To the jury, the likely implication of Mr. Tollefson's hypothetical scenario was that under those or analogous facts a defendant's conduct would not qualify as constructive possession as a matter of law. An argument based in fact necessarily draws the mind to the law, whereas an argument based in law necessarily draws the mind to the facts. The two are intertwined. Therefore, if the jury could improperly take from his argument a course of conduct that would not constitute constructive possession as a matter of law when in fact it could, he misstated the law. The district court determined that was the case here. *See* D.E. 93 at 32-33.

We see no abuse of discretion by the district court. The problem with Mr. Tollefson's hypothetical was that it posited as non-culpable a scenario that could result in criminal liability. For example, in *United States v. Virciglio*, 441 F.2d 1295, 1297-98 (5th Cir. 1971), we concluded that the defendant was in constructive possession of a firearm where he negotiated and "planned the sale," "[t]here would have been no sale without him[,]" and he "accepted

22-10378                Opinion of the Court                7

and retained part of the purchase price." Based on *Virciglio*, a felon who, instead of a car, orchestrated a firearm deal under the facts of Mr. Tollefson's hypothetical—by discussing the sale with the seller, finding a buyer, and taking a cut of the deal—could be found by a jury to be in construction possession of a firearm. *See id.* at 1298. *See also United States v. Badali*, 670 F. App'x 677, 679 (11th Cir. 2016) (unpublished) (sufficient evidence of constructive possession where a defendant merely "organized and arranged for the sale of the firearm"). Other circuits are in accord. *See, e.g., United States v. Nungaray*, 697 F.3d 1114, 1116-19 (9th Cir. 2012) (sufficient evidence supported constructive possession where the defendant set up the deal, assured delivery of the guns, and received payment, such that "he was no mere intermediary . . . but rather an active participant . . . in the sale and delivery") (citation omitted); *United States v. Miller*, 560 F.3d 751, 753 (8th Cir. 2009) (district court did not err in finding defendant constructively possessed firearms that were held, and transferred to third parties, by her brothers at her direction).

Mr. Tollefson's reliance on *Henderson v. United States*, 575 U.S. 622 (2015) is misplaced. In *Henderson,* the Supreme Court held that a court-supervised transfer of firearms that prevents a felon from later exercising control over those weapons cannot support a conviction under § 922(g). *See* 575 U.S. at 630-31. It reasoned that such a transfer, which involves a felon's request to transfer guns *in the possession of the government* to an uninterested third party, does not implicate the felon's right of possession

"before, during, or after the disposition,' but rather, only the felon's "right merely to sell or otherwise dispose of [firearms]." *See id.* at 628 n.3, 630-31. *Henderson* absolves a felon who takes a wholly passive role in a firearms transaction but does not absolve a felon who, for example, "negotiated and arranged a sale of guns while using a third party to make the physical handoff to the buyer." *Id.* at 628 n.3 ("The felon's management of the sale thus exemplified, and served as evidence of, his broader command over the guns' location and use—the very hallmark of possession."). And the individual in Mr. Tollefson's hypothetical scenario was far from passively involved in the transaction. *Henderson,* therefore, does not preclude a finding of constructive possession where a felon orchestrates a sale by endeavoring to pair a buyer and a seller and taking a cut of the sale.

In sum, the law provides that a middleman can in fact satisfy the element of constructive possession. Accordingly, Mr. Tollefson's hypothetical scenario did in fact present a factual circumstance that could result in a finding of constructive possession, and he therefore misstated the law. That misstatement permitted a supplemental instruction. *See Anderson*, 1 F.4th at 1264. To the extent that any such instruction repudiated or impaired the effectiveness of Mr. Tollefson's closing argument, defense counsel does not have free reign "to dictate the law by which a verdict is reached," particularly when that law is incorrect. *See Pena*, 897 F.2d at 1084. Nor can it be said that providing additional clarification on the boundaries of constructive possession is a substantial

change.  *See id.*  Consequently, the district court did not err in providing the jury a supplemental instruction on constructive possession and in turn, did not abuse its discretion in denying Mr. Tollefson's motion for a new trial.

To the extent that Mr. Tollefson independently challenges the substance of the district court's supplemental instruction, we reject that contention.  *See Virciglio*, 441 F.2d at 1297-98.  We also note that it did not matter whether Mr. Tollefson's hypothetical scenario was consistent with the original jury instruction because, as that hypothetical exposed, the original instruction contained gaps in the law that a defendant could exploit to secure an acquittal. *See Pena*, 897 F.2d at 1085.  The district court therefore had the authority to provide the jury with a correct statement of the law, and it did just that by providing the supplemental instruction at issue.  *See Graham*, 484 F.3d at 420-21.  Nor does our decision restrain a party's ability to make fact-based arguments.  A party may do so freely so long as its arguments comport with the boundaries of the law.

### III

The district court's denial of Mr. Tollefson's motion for a new trial is affirmed.

**AFFIRMED.**